UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
ESTELLE YOUNG,

                Plaintiff,                       **MEMORANDUM & ORDER**

              - against -                      15-CV-675 (RJD) (VMS)

ROBERT J. YOUNG,

                Defendant.
----------------------------------------------------------- x

RAYMOND J. DEARIE, United States District Judge:

This is an action to recover attorneys' fees incurred in connection with a state court guardianship and estate proceeding. Defendant Robert J. Young moves to dismiss this action for lack of subject matter jurisdiction, arguing that plaintiff Estelle Young's claim does not satisfy the statutory requirement that the amount in controversy exceeds $75,000. He also moves to dismiss, pursuant to Fed. R. Civ. P. 12(c), for failure to state a claim, or alternatively, based on the Colorado River abstention doctrine. For the reasons set forth below, the Court grants the motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

In 2006, Robert J. Young and two of his siblings—Wendy and Alan Young—were appointed co-guardians of their mother—Blanche Young—pursuant to an order issued by the Supreme Court of the State of New York, Queens County, in *In re Matter of Blanche Young*. Mrs. Young passed away on November 15, 2011, and pursuant to an order of the Supreme Court, the co-guardians filed a final accounting related to the guardianship. Estelle Young, the defendant's sister, objected to the final accounting, claiming that defendant and Wendy Young mismanaged their mother's assets.

After litigating the issue for over a year in state court, the parties resolved the matter by entering into a stipulation and agreement (the "Agreement") in April 2014. The Agreement provides, *inter alia*, that (1) plaintiff would withdraw her objections to the original final accounting, (2) a new final accounting of the guardianship would be issued, (3) plaintiff would renounce any interest she might have in her mother's estate, and (4) defendant would pay a total of $500,000 to the plaintiff in three installments. As security for the making of those payments, defendant agreed to execute a confession of judgment, which plaintiff could file in the event that defendant defaulted on his obligations under the Agreement. The Agreement also provides, as discussed in detail herein, for the award of attorneys' fees.

Defendant made the first installment payment, in the amount of $150,000, on April 11, 2014. Defendant, however, did not make the second payment to plaintiff when it became due on November 22, 2014. Plaintiff provided notice of default, but defendant was unable to cure his default. Plaintiff then commenced an action styled *Estelle Young v. Robert J. Young* in the Supreme Court of the State of New York, Queens County, by filing the confession of judgment that defendant had signed. The Supreme Court entered a judgment in favor of plaintiff in the amount of $350,000 on December 29, 2014. The parties continue to litigate post-judgment collection in state court.

On February 10, 2015, plaintiff initiated the instant breach of contract action to recover (1) $35,000, contemplated as attorneys' fees in the Agreement, and (2) $80,500, representing her "attorneys' fees incurred and to be incurred in connection with the enforcement of the judgment obtained in the confession proceeding."[1] (ECF No. 1 at ¶ 28.) Defendant argues that such a

---

[1] In her opposition to the motion to dismiss, plaintiff indicates that $141,750 in fees are currently due, "representing $35,000 specifically due under the [] Agreement, $10,500 paid as an engagement fee by Estelle, and $96,250 which is due as a contingent fee." (ECF No. 19 at 2.)

2

recovery is barred by the plain terms of the Agreement, and therefore the amount in controversy does not exceed $75,000—the amount required for this Court to exercise jurisdiction.

## DISCUSSION

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)) (citation omitted). A party invoking diversity jurisdiction "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Chase Manhattan Bank, N.A. v. American Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). Dismissal is justified where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). Any doubt regarding the amount in controversy "should be resolved . . . in favor of the subjective good faith of the plaintiff," and "the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." Tongkook Am., 14 F.3d at 785-86 (quoting McDonald v. Patton, 240 F.2d 424, 426 (4th Cir. 1957)). Where "jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings," such as the Agreement at issue here. LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999).

Based on the plain, unambiguous language of the Agreement, there is a legal certainty that plaintiff cannot satisfy the amount in controversy requirement. The Agreement expressly entitles plaintiff to recover attorneys' fees if she has to file the confession of judgment, but caps those attorneys' fees at $35,000. Section 3.3 of the Agreement states in pertinent part:

3

> If Estelle Young has to file said Affidavit of Confession of Judgment and obtain a money judgment, the Attorneys for Estelle Young shall receive and Robert J. Young shall be assessed and pay reasonable attorneys' fees. Reasonable attorneys' fees shall not exceed $35,000.00, and shall be equal to 10% of the amount of the judgment obtained.

Plaintiff seeks attorneys' fees "incurred and to be incurred in connection with the enforcement of the judgment obtained in the confession proceeding." Those fees are limited to $35,000. Accordingly, plaintiff is barred from seeking an additional $80,500 in fees under section 3.3.

Plaintiff, however, argues that section 4.4 of the Agreement entitles her to collect attorneys' fees beyond those set forth in section 3.3. Section 4.4 states:

> The undersigned acknowledges and agrees that this Stipulation & Agreement may be pleaded as a full and complete defense to, and used as a basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Stipulation & Agreement. Should any of the undersigned institute any action and proceeding to enforce any provision of this Stipulation & Agreement, or for damages by reason of any alleged breach of any provision of this Stipulation & Agreement, or for a declaration of such party's rights or obligations hereunder, or for any other judicial remedy, *the prevailing party shall be entitled to be reimbursed by the losing party for all reasonable and necessary costs and expenses incurred thereby, including, but not limited to, attorneys' fees for the services rendered to the party finally prevailing in any such action or proceeding.*

Section 4.4 plainly provides for an award of reasonable attorneys' fees under certain circumstances. It must therefore be read together with section 3.3 "to give effect to [both] provisions and to render them consistent with each other." Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 63 (1995); see also Seabury Const. Corp. v. Jeffrey Chain Corp., 289 F.3d 63, 69 (2d Cir. 2002) ("where two seemingly conflicting contract provisions reasonably can be reconciled, a court is required to do so and to give both effect") (citation omitted).

Both parties urge interpretations of the Agreement to render these provisions consistent. Plaintiff argues that section 3.3 provides for $35,000 in attorneys' fees "as reimbursement for her previously incurred fees" "as an incentive for [defendant] to make timely payments." (ECF No.

4

19 at 7.) Section 4.4, according to plaintiff, then provides for recovery of reasonable attorneys' fees in the event that defendant breached the Agreement and she had to take additional legal action. Defendant, on the other hand, argues that section 3.3 caps the recovery of all plaintiffs' attorneys' fees at $35,000.

Section 3.3 unambiguously provides that where plaintiff initiates an action by way of filing the confession of judgment and obtains a money judgment, her attorneys' fees are capped at 10% of the amount of the judgment or $35,000, whichever is less. While section 4.4 provides generally for the recovery of reasonable attorneys' fees, "it is a fundamental rule of contract construction that 'specific terms . . . are given greater weight than general language" and those "specific words will limit the meaning of general words if it appears from the whole agreement that the parties' purpose was directed solely toward the matter to which the specific words or clause relate." Aramony v. United Way of Am., 254 F.3d 403, 413-14 (2d Cir. 2001) (quoting Restatement (Second) of Contracts § 203(c) (1981), and 11 Richard A. Lord, Williston on Contracts § 32:10, at 449 (4th ed. 1999)). The specific terms of section 3.3, capping attorneys' fees recovery for an action filing the confession of judgment, control over the general language of section 4.4. Read together, section 4.4 provides for the recovery of reasonable attorneys' fees in any action other than that described in section 3.3. For instance, had defendant failed to file a final accounting in state court, as required by section 1.0 of the Agreement, or had plaintiff not withdrawn her objections, as required by section 2.0, the prevailing party in any subsequent suit would be entitled to recovery of costs and fees as provided in section 4.4.

Plaintiff's argument that section 3.3 was intended as a penalty to incentivize defendant's payments finds no support in the Agreement. Section 1.4 of the Agreement provides that the legal fees of plaintiff's counsel shall be borne by plaintiff, and there is nothing in section 3.3, or elsewhere in the Agreement, suggesting those past fees could be shifted defendant. Moreover,

the interpretation urged by plaintiff is at odds with New York's "strong public policy . . . which condemns the contractual imposition of a penalty." First Nat. Bank of E. Islip v. Brower, 42 N.Y.2d 471, 474, 368 N.E.2d 1240, 1242 (1977). The Court therefore declines to hold that section 3.3 was intended to reimburse plaintiff for fees incurred prior to the entry of the Agreement.

Because plaintiff brought this action solely to recover attorneys' fees incurred in connection with the enforcement of the judgment obtained in the confession proceeding, and those attorneys' fees are limited by the Agreement to $35,000, plaintiff cannot recover $75,000 or more in this action. As it is a legal certainty that plaintiff's claim is for less than the jurisdictional amount, this action is dismissed for lack of subject matter jurisdiction. See Massaro v. Pitts, No. 10-CV-911 (JS), 2011 WL 5825139, at *2 (E.D.N.Y. Nov. 15, 2011) (cap on award of "reasonable attorneys' fees" prevented plaintiff from satisfying the jurisdictional amount-in-controversy requirement). The Court need not address defendant's remaining arguments for dismissal. As the Court lacks jurisdiction over this action, it also lacks jurisdiction to award attorneys' fees to defendant. See W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994).

SO ORDERED.

Dated: Brooklyn, New York
June 17, 2015

/s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge